IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN A. HARLESS | § | |
| v. | § | CIVIL ACTION NO. 6:10cv544 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation ("R&R") of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the above-captioned case be dismissed with prejudice. Plaintiff has filed written objections. By and large, these objections simply repeat at length the arguments Plaintiff raised in his Opening Brief and Reply Brief. The Court will address the salient points in its *de novo* review.

Plaintiff first objects that the R&R finds no error in the Appeals Councils' denial of review, including the new evidence submitted after the Administrative Law Judge's ("ALJ") original decision. He argues that the new evidence, a letter by a licensed counselor, should require a remand because "[t]he spirit behind and the requirements of 20 C.F.R. § 404.1513(d); SSR 06-03p, 2006 SSR LEXIS 5 demand such a finding." Objections at 12. Plaintiff argued this point in his original briefs, and it was addressed thoroughly by the Magistrate Judge in his R&R, including an analysis pursuant to §§ 404.1513(d) and 416.913(d) (the companion regulation to § 404.1513(d) applicable

1

to Title XVI issues, which Plaintiff did not mention in his Objections), SSR 06-03p and Fifth Circuit authority. Plaintiff raises nothing new now and this issue is without merit.

Plaintiff also objects that the Magistrate Judge erred in upholding the ALJ's credibility determination. *See* Objections at 17-26, again essentially repeating his original arguments. The Magistrate Judge observed that the ALJ carried out a complete credibility analysis, reviewing a number of pertinent factors and coming to a conclusion fully supported by substantial evidence. As part of the Magistrate Judge's review, he noted that the ALJ had discussed the psychological consultative examination by Ronald W. Anderson, Ph.D., and considered it fully, even if the ALJ did not explicitly cite a particular passage dealing with "hypochondriacal and histrionic mentation." The Magistrate Judge commented that it appeared this finding might lessen Plaintiff's credibility, to which Plaintiff objects, citing *Winfrey v. Chater*, 92 F.3d 1017, 1020-21 (10th Cir. 1996). It is true that psychological factors can affect an individual's physical condition. However, the ALJ's discussion makes clear that he considered that point. Moreover, in *Winfrey*, the Tenth Circuit observed:

> [T]he ALJ discounted plaintiff's credibility based on his determination that "claimant is bored and whiny and has [an] incentive not to work and to complain about problems." [ ] Thus, the ALJ's evaluation of plaintiff's subjective complaints was flawed by his reliance on factors that were not supported by the record and by his failure to consider other factors that were supported by the record.

*Winfrey*, 92 F.3d at 1021 (internal citation omitted). Here, the ALJ made no such personal assessment, nor is there any evidence of personal animus in the ALJ's analysis. Not every single sentence of a report can be addressed in such a determination. Here, the ALJ fully discussed Dr. Anderson's analysis, including that "claimant should be able to function adequately in routine structured settings"; that Plaintiff was "paranoid and preferred to stay in his house" and overall that Dr. Anderson's report supported a finding that "the claimant was limited to doing routine structured

2

jobs and had limitations dealing with the public." *See* Tr. at 15. Thus, Plaintiff's second objection is also without merit.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court and Plaintiff's objections will be overruled.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the complaint is hereby **DISMISSED** with **PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 1st day of March, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE